IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FRANK G. FOX, <br><br> Plaintiff, <br><br> vs. <br><br> HENRY B. EYRING, PRESIDENT, CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS and CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S CASE <br><br><br> Case No. 2:09-CV-180 TS |

Plaintiff Fox filed a Complaint in this case on February 27, 2009.[1]  For the reasons set forth below, Plaintiff's case will be dismissed.

I. BACKGROUND

The following are taken from Plaintiff's Complaint.  Plaintiff is a resident of Louisiana. Relevant to his § 1985 claims, Plaintiff fails to specifically allege that he is a member of a racial or ethnic minority.  Defendant Eyring is a resident of Utah and is a member of the First Presidency of the Church of Jesus Christ of Latter Day Saints (the "Church"), also named as a defendant.  Plaintiff

---

[1]Docket No. 3.

1

alleges that Defendant Eyring has harassed and threatened him via electronic and telephonic communications. Plaintiff also alleges that he has requested that the Church force Defendant Eyring to cease the harassing and threatening communications, but has received no response. Plaintiff alleges that the harassing and threatening communications have been a source of "constant stress" which has required Plaintiff to seek medical attention.

## II. DISCUSSION

Plaintiff Frank G. Fox is proceeding *pro se* and *in forma pauperis*. Because Plaintiff was granted permission to proceed *in forum pauperis*, the provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915, are applicable. Under § 1915 the Court shall, at any time, *sua sponte* dismiss the case if the Court determines that the Complaint is frivolous or fails to state a claim upon which relief may be granted.[2] A claim is frivolous if it "lacks an arguable basis either in law or in fact."[3]

Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985, Title VII of the Civil Rights Act of 1964, 47 U.S.C. § 223 for cyberstalking, and the First Amendment to the United States Constitution for invasion of privacy. Because Plaintiff proceeds *pro se,* the Court must construe his pleadings liberally and hold his submissions to a less stringent standard than formal pleadings drafted by lawyers.[4] This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction,

---

[2] 28 U.S.C. § 1915(e)(2).

[3] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[4] *Id*.

or his unfamiliarity with pleading requirements."[5] No special legal training is required to recount facts surrounding an alleged injury, and *pro se* litigants must allege sufficient facts, on which a recognized legal claim could be based.[6]

The Court has reviewed Plaintiff's Complaint with the deference due his *pro se* status, and concludes that, even accorded such deference, Plaintiff's claims must be dismissed as frivolous and for failure to state a claim.

A.   § 1983 CLAIMS

As Plaintiff was instructed in a previous, related case,[7] his § 1983 must fail because Plaintiff has alleged only private conduct, not state action,[8] and private conduct, "no matter how discriminatory or wrongful," may not be addressed by a § 1983 claim.[9] Plaintiff has not alleged that either Defendant Eyring or the Church are state actors, nor has Plaintiff cited any facts from which state action could be inferred. Plaintiff's claim is frivolous because it is completely lacking in either factual or legal basis. Plaintiff has also failed to state a claim under § 1983, and his claim will be dismissed.

B.   § 1985 CLAIMS

As Plaintiff was instructed in his previous case, to state a claim under § 1985, a plaintiff must allege: (1) a conspiracy, motivated by racially-discriminatory animus; (2) to deprive plaintiff of

---

[5]*Id*.

[6]*Id*.

[7]Case No. 2:08-cv-192 DS, Docket No. 6.

[8]*Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).

[9]*American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) a deprivation of rights therefrom.[10] A private conspiracy is protected under § 1985(3), if at all, only if "the right aimed at by the conspiracy is one protected against both public and private interference."[11]

Plaintiff has failed to identify any members of the alleged conspiracy other than Eyring. Plaintiff has also failed to allege facts sufficient to support the existence of a conspiracy motivated by racial animus, alleging only that Eyring lied in an earlier case because Eyring "hates niggers."[12] Plaintiff has also failed to identify how any such conspiracy designed to deprive him of equal protection under the law and has failed to identify a single act in furtherance of the conspiracy. Plaintiff's claim is frivolous because it is completely lacking in either factual or legal basis. Plaintiff has also failed to state a claim under § 1985, and his claim will be dismissed.

C.    TITLE VII CLAIMS

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's race, color, religion, sex, or national origin."[13] Plaintiff's complaint is devoid of any allegation which supports a Title VII claim. Plaintiff does not allege he was employed by either Eyring or the Church, nor are there any factual allegations to support an inference that Eyring or the Church functioned, with regard to Plaintiff, in any way resembling an employer. Plaintiff's claim is frivolous because it is completely lacking in

---

[10] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

[11] *Id.*

[12] Docket No. 3 at 3-4.

[13] 42 U.S.C. § 2000e-2(a)(1).

either factual or legal basis. Plaintiff has also failed to state a claim under Title VII of the Civil Rights Act of 1964, and his claim will be dismissed.

D. CYBERSTALKING CLAIMS

Plaintiff alleges that Eyring has used electronic communications to harass Plaintiff, specifically that Eyring has called numerous times in the middle of the night, leaving obscene messages. Plaintiff lists three statements he alleges were uttered by Eyring, and which might form a factual basis for a cyberstalking claim. However, 47 U.S.C. § 223 is a criminal statute, and provides no private right of action. Therefore, Plaintiff cannot bring a suit against Defendants pursuant to 47 U.S.C. § 223.[14] Plaintiff's claim is frivolous because it is completely lacking in either factual or legal basis. Plaintiff has also failed to state a claim under 47 U.S.C. § 223, and his claim will be dismissed.

E. INVASION OF PRIVACY CLAIMS

Plaintiff's Complaint also contains a First Amendment claim of Invasion of Privacy. However, the Complaint is completely devoid of any supporting allegations. Plaintiff's Invasion of Privacy claim is frivolous because it is completely lacking in either factual or legal basis.

---

[14]*See Jensen v. Shrively*, 2003 WL 917969, *1 (N.D. Cal. Feb. 25, 2003) (holding that because 47 U.S.C. § 223 provides only criminal penalties, it cannot support a civil suit, even under § 1983).

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's claims against all Defendants are DISMISSED with prejudice.

DATED   March 12, 2009.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge